ALTSCHUL v. GITTINGS, Sheriff of Harney County.

(Circuit Court, D. Oregon. May 12, 1900.)

No. 2,236.

1. PUBLIC LANDS—CONSTRUCTION OF GRANT—IDENTIFICATION OF LANDS GRANTED.

A grant by congress to a state, to aid in the construction of a wagon road, of "alternate sections of the public lands, designated by odd numbers, three sections per mile, to be selected within six miles of said road," being of only one-half the odd-numbered sections within the designated limits, does not attach to any particular lands until the selections have been made, and approved by the land department, and until that time the lands granted are not taxable by the state.

2. SAME—CONTINGENT INTEREST OF GRANTEE BEFORE SELECTION—RIGHT TO SALE FOR TAXES.

Where a grant of lands has been made by congress, to be selected within certain limits from a larger quantity, until such selection has been made the grantee has such a contingent interest in all the lands subject to selection that it may maintain a suit in equity to enjoin an unauthorized sale thereof for taxes.

In Equity. Suit to enjoin sale of lands for taxes. On exceptions to bill.

Williams, Wood & Linthicum, for complainant.

Milton W. Smith, for defendant.

BELLINGER, District Judge. This is a suit to restrain the sale of land on which the defendant made a sheriff's assessment for the year 1893. The lands in controversy, with some slight exceptions, are within the limits of the grant made by the act of congress of July 5, 1866 (14 Stat. 89), to the state of Oregon to aid in the construction of a wagon road. The act provides "that there be, and hereby is, granted to the state of Oregon alternate sections of the public lands, designated by odd numbers, three sections per mile, to be selected within six miles of said road." A portion of the lands upon which this assessment was made are without the limits of this grant, and as to these lands the complainant claims no interest. The remainder of the lands which the defendant proposes to sell for a delinquent tax are lands which had not been selected at the date of the alleged assessment, and lands which had been selected by the agents of the company, but which, at the time of the assessment, were in contest on account of claims made by different persons under the land laws of the United States, which contests were existing at the date of presentation for filing of the selection lists; but none of the selections so made had been certified or approved by the secretary of the interior or by the commissioner of the general land office. The questions presented arise upon numerous exceptions to the bill of complaint, which have the effect of raising the question as to the sufficiency of the bill. In support of these exceptions it is contended that the grant in question was a present grant; that the right to the patent—the equitable title—had vested in the wagon-road company at the time the assessment in question was made. If this is true, then these lands were liable

to the tax levied upon the assessment complained of. A number of cases are cited in support of the contention that this grant is a present grant, and that the right of the company in and to the lands was fully vested when the assessment was made. Among the cases cited are the case of U. S. v. Willamette Val. & O. M. Wagon-Road Co. (C. C.) 55 Fed. 711, and Id. (D. C.) 42 Fed. 357, and the case of Cahn v. Barnes (C. C.) 5 Fed. 326. In the two former cases suits were brought to cancel patents which had been issued, and the defense was that of bona fide purchase for value. The case of Cahn v. Barnes was one of conflict between the claimants, respectively, under the swamp-land act and the wagon-road grant in question. All three of these cases relate to the same grant. In the case in 42 Fed. the court says:

"As soon as the line of the road was designated, the grant attached to the odd-numbered sections within the prescribed limits on either side of the said line, and took effect from the date thereof."

In support of this view the court cites the case of Cahn v. Barnes, supra, and the case of Pengra v. Munz (C. C.) 29 Fed. 830. In the case of Cahn v. Barnes the court says:

"The wagon-road grant was a grant in præsenti, also, of the odd sections for six miles on either side of the road wherever it might be located between the termini named, which, so soon as the line of the road was designated, attached to such sections within the prescribed limits on either side of said line, and took effect from the date thereof."

In the case of Pengra v. Munz the grant was of "the alternate sections of the public lands designated by odd numbers, for three sections in width on each side of said road, as the same may be located," while the grant of the Willamette Val. & O. M. Wagon-Road Company, under which the other cases arose, was a grant of three sections per mile merely. Between such grants there is a very obvious distinction, and yet the court in the cases cited treats both grants as grants of three sections per mile in width on each side of the proposed road. The grant in the case of the Willamette Val. & C. M. Wagon-Road Company, as in this, was not of the odd-numbered sections on either side of the line of road, but only of the alternate sections designated by odd numbers to the extent of three sections per mile, to be selected within six miles of said road; that is to say, the grant was of three sections per mile, instead of six. The difference is a vital one. If the grant had been of three sections per mile within the limits of six miles on either side of the road, it would have applied to all the odd-numbered sections. In such case the grant would become specific as to these sections upon the location and construction of the line of road. Nothing more would be necessary to identify the lands granted. In this case selections are necessary before the lands to which the grant attaches can be identified. Here the right conferred is to three sections of lands designated by odd numbers out of a total of twice that number, for each mile in length of road constructed. How can the assessor undertake to identify the particular sections inuring to the company under this grant until selections are made? Until such time the grant, as to the question presented, is precisely what

the grant is within indemnity limits as usually provided for in railroad grants. It is known that one-half of the odd-numbered sections are liable to be taken under the grant. But it is not known, and cannot be known, until selections are made, which of the odd-numbered sections are to make up the half to which the company is entitled; and it is immaterial that the company has selected these lands so long as these selections have not been approved by the land office. The approval and certification of the lands by the land department is a necessary preliminary to the identification of the lands taken. Without identification the grant cannot attach, and until it does attach there is no title that can be the subject of levy and sale, for taxes or otherwise.

It is argued, however, that if the lands which the sheriff threatens to sell do not belong to the company, it cannot be injured by the proposed sale. But the wagon-road company has an interest in all the odd-numbered sections within the prescribed limits, since its selections must be made from their number. There is a well-recognized distinction between the legal title to lands and an interest in such lands. What the company has is a contingent interest in the lands from which its selections are to be made; and the sale of these lands would operate to prejudice this interest, since, when selections are made, and the grant becomes in this way specific, the company is liable to be confronted with a tax title to these lands, or to some of them, and will therefore be exposed to the danger of a multiplicity of suits, with the consequent vexation and injury. The exceptions to the bill of complaint are overruled.